Stuart Price, Esq. (SBN:150439)
**Price Law Group, APC**
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818)907-2030
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
*Michael D. Starkey*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. STARKEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., a New York Corporation; and DOES 1 - 10,<br><br>Defendant(s). | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227; and**<br>2. **CAL. CIV. CODE § 1788** *et seq*.<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Michael D. Starkey ("Plaintiff"), through his attorneys, alleges the following against Defendant, JPMorgan Chase Bank, N.A. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant availed itself here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in the state of California.

6. Plaintiff is a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

7. Defendant is a "debt collector" as defined by CAL. CIV. CODE §1788.2(c), and sought to collect a consumer debt from Plaintiff.

8. Defendant is a debt collector with its principle place of business located in New York and can be served through its agent, CT Corporation System, at 818 West 7th Street, Suite 930, Los Angeles, California 90017.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff filed Chapter 7 Bankruptcy in the Central District of California on June 17, 2008 and was assigned case number 8:08-bk-13403.

11. Plaintiff's Bankruptcy was discharged on October 28, 2008.

12. Plaintiff owned a condo at 85-175 Farrington Highway, Apt. A237, Waianae, HI 96792 ("Condo").

13. The associated mortgages of the Condo were included in Plaintiff's Bankruptcy.

14. At some point, Defendant JPMorgan Chase Bank, N.A. ("Chase") obtained the mortgage on the Condo.

15. Chase began attempting to collect on the mortgage even though the debt was discharged in Plaintiff's Chapter 7 Bankruptcy.

16. Plaintiff has other accounts with Chase, in which Chase is attempting to collect on.

17. Chase is calling Plaintiff to collect on his and his deceased father's accounts.

18. On or around April 2016, in an attempt to collect on the alleged consumer accounts, Plaintiff began receiving calls on his cellular phone number; (949) 463-1269.

19. Defendant called from the following numbers: (407) 732-2415; (877) 496-3138; (866) 335-8405; (800) 848-9380; (517) 252-8313; (866) 335-9405; (866) 582-5208; (847) 426-9209; (877) 317-5659; and (614) 890-1025.

20. Upon information and belief, Defendant owns and operates the phone numbers.

21. On or about April 15, 2016, at 3:51 p.m., Plaintiff received a call on his cellular telephone from (407) 732-2415 and spoke with a representative named Julie

Francis; at which point Plaintiff clearly and unequivocally revoked consent to be contacted any further.

22. On or about April 19, 2016, at 7:16 p.m., Plaintiff received a call on his cellular telephone from (877) 496-3138 and spoke with Ms. Hunter; at which point Plaintiff clearly and unequivocally revoked consent to be contacted any further.

23. Plaintiff received another call on his cellular telephone on or about April 21, 2016, at 7:59 p.m., from (877) 496-3138 and spoke with Ms. Hunter; at which point Plaintiff clearly and unequivocally revoked consent to be contacted any further.

24. Again, Plaintiff received a call on his cellular telephone on or about April 26, 2016, at 8:33 p.m., from (877) 496-3138 and spoke with Ms. Hunter; at which point Plaintiff clearly and unequivocally revoked consent to be contacted any further.

25. Between May 2, 2016 and June 23, 2016, Defendant left ten (10) messages for Plaintiff.

26. On or about July 13, 2016, at 8:58 a.m., Plaintiff received a message on his cellular telephone from Amber with Chase; Amber left another message at 12:30 p.m.

27. On or about October 5, 2016, Plaintiff received a call on his cellular telephone from (877) 496-3138. Chin from Chase left a voicemail attempting to reach Lee Starkey.

28. Calls to Plaintiff regarding his deceased father caused him severe emotion distress and mental anguish.

29. On or about October 14, 2016, at 11:01 a.m., Plaintiff received a call on his cellular telephone from (877) 496-3138 with the representative attempting to reach Lee Starkey. At this point, Plaintiff informed Defendant that Lee Starkey is deceased.

Plaintiff also clearly and unequivocally revoked consent to be contacted any further.

30. On or about October 17, 2016, Plaintiff received a call on his cellular telephone from (877) 496-3138. Tiffany Herrera left a voicemail attempting to reach Lee Starkey. Even though they knew he was deceased.

31. On or about December 5, 2016, at 8:55 a.m., Plaintiff received a call on his cellular telephone from (614) 890-1025 and spoke with Kenisha from Chase. During this call Plaintiff once again revoked consent to be contacted any further.

32. On or about January 11, 2017, Plaintiff received a call from (877) 496-3138. Xavier Cabrerra from Chase left a voicemail for Plaintiff attempting to reach Plaintiff's mother.

33. On or about January 11, 2017, at 10:40 a.m., Plaintiff received a call from (800) 848-9380 and spoke with Melissa Morgan from Chase regarding the Condo.

34. During the January 11, 2017 call Plaintiff informed Chase that the debt was included in his Bankruptcy.

35. On or about January 12, 2017, at 1:33 p.m., Plaintiff received a call from (877) 496-3138 and spoke with Xavier Cabrerra. At this point, Plaintiff once again unequivocally revoked consent to be contacted any further.

36. Despite revoking consent to be contacted on his cellular telephone seven (7) times, Defendant called Plaintiff on his cellular phone approximately one-hundred and five (105) times to annoy and harass Plaintiff in the hopes that they could induce Plaintiff to pay the debts.

37. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative. Upon information and belief, Defendant is using an automated telephone dialing system.

38. Defendant called Plaintiff from a variety of area codes located in varying states in an attempt to hide its identity and further indicating the use of an automated telephone dialing system.

39. Due to Defendant's actions, Plaintiff has suffered emotional distress, invasion of privacy, and actual damages.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

40. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's

cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

41. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

42. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

43. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances;

    c. Defendant violated CAL. CIV. CODE § 1788.14(c) by initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt…; and

    d. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

        iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

44. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff, Michael Starkey, respectfully requests judgment be entered against Defendant, JPMorgan Chase Bank, N.A., for the following:

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

C. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §1788.30(b),

D. Actual damages pursuant to CAL. CIV. CODE § 1788.30(a);

E. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788.30(c), and

F. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 6th day of February 6, 2017.

**PRICE LAW GROUP, APC**

By:/s/ Stuart Price
Stuart Price (SBN 150349)
E: stuart@pricelawgroup.com
Attorneys for Plaintiff
*Michael Starkey*